UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Gregory Maggi,
    Plaintiff

    v.                                       Case No. 17-cv-109-SM
                                           Opinion No. 2017 DNH 228
Justine McComiskey,
    Defendant

## **O R D E R**

In 2014, Gregory Maggi was convicted of numerous criminal charges, including seven counts of felonious sexual assault upon a child between the age of 13 and 15, as well as multiple counts of simple assault and distribution of a controlled substance (to his victims). He was, however, acquitted of some charges arising out of that very same conduct - a fact that prompted this litigation. Maggi was sentenced to serve no less than 17 and one-half years to 35 years in prison.[1] He was also ordered to have no contact with his victims or their families. And, he was ordered to pay restitution to each of his victims in an amount not to exceed $10,000 (although the record is unclear, it appears that there were two victims of Maggi's repeated sexual assaults). On appeal, the New Hampshire Supreme Court affirmed

---

[1] Maggi was sentenced to serve five (5) consecutive sentences of 3.5 to 7 years in prison. The trial court imposed additional incarcerative sentences as well, but suspended them.

Maggi's convictions, observing that evidence of his guilt was "overwhelming."

The defendant in this case is one of Maggi's victims. From her, Maggi seeks $5 million in damages, asserting that she conspired "with authorities" to deprive him of a fair trial, in violation of 42 U.S.C. § 1985(3); maliciously prosecuted him; and defamed him, in violation of a state criminal statute. Defendant moves to dismiss each of Maggi's claims, saying none states a viable cause of action. That motion is granted.

**Discussion**

I. Conspiracy.

Count one of Maggi's amended complaint alleges that the defendant violated 42 U.S.C. § 1985(3) by "conspir[ing] with authorities to deprive Mr. Maggi of his Constitutional right to a fair trial by changing her story multiple times, withholding information from the defense, and by lying to investigators." Amended Complaint (document no. 4) at para. 22. That count fails to plausibly set forth the essential elements of a viable claim under 42 U.S.C. § 1985(3). Most notably, it lacks a plausible allegation that there was "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Perez-Sanchez v. Pub. Bldg. Auth.,

531 F.3d 104, 107 (1st Cir. 2008) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)). See also Soto-Padro v. Pub. Bldgs. Auth., 675 F.3d 1, 4 (1st Cir. 2012); Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996); Veale v. Furness, No. 10-CV-147-JL, 2012 WL 359700, at *3-4 (D.N.H. Feb. 2, 2012).

II. Malicious Prosecution.

In Count Two of his complaint Maggi advances a claim for "malicious prosecution."[2] Specifically, he alleges that the defendant "cooperated with state prosecutors to bring charges against Mr. Maggi for incidents that did not occur and should not warrant criminal charges even if they had been true." Amended Complaint at para. 24. That claim falls short for several reasons.

There are four elements to a viable common law claim for malicious prosecution:

> (1) the plaintiff was subjected to a criminal prosecution or civil proceeding instituted by the defendant; (2) without probable cause; (3) with malice; and (4) the prior action terminated in the plaintiff's favor.

---

[2] Because count two of Maggi's amended complaint does not reference the Constitution, the Bill of Rights, or 42 U.S.C. § 1983, the court has assumed he is advancing a claim under state common law, rather than the Fourth Amendment to the U.S. Constitution.

3

Farrelly v. City of Concord, 168 N.H. 430, 445, 130 A.3d 548, 560 (2015) (citation omitted). Maggi's amended complaint falls decidedly short and likely fails to adequately allege even a single essential element of his claim.

First, Maggi has pointed to no New Hampshire case law holding that, for malicious prosecution purposes, a victim "initiates a criminal proceeding" by making a report to police. Second, under the circumstances of this case, Maggi's indictment by a grand jury likely precludes him from establishing that charges were filed against him without probable cause. See, e.g., Ojo v. Lorenzo, 164 N.H. 717, 727-28 (2013). See also New Hampshire v. Maggi, No. 2015-0029 (N.H. Supr. Ct. May 20, 206) at 2 (affirming Maggi's convictions and noting that another victim of Maggi's sexual assaults corroborated the defendant's claims and testified that she witnessed Maggi having sex with the defendant; the existence of probable cause to charge Maggi did not, therefore, hinge solely upon the defendant's claims). Third, it is certainly open to debate whether Maggi's amended complaint adequately alleges that the defendant acted with the

requisite malice (that is, with a purpose other than bringing a criminal to justice).[3]

But, in any event, it is plain that the criminal case against Maggi did not "terminate in his favor." At trial, it was proved, beyond a reasonable doubt, that he repeatedly sexually assaulted the defendant, that he committed simple assault against her, and that he unlawfully provided her with controlled substances. As a consequence, he will remain incarcerated for anywhere between 17 and one-half to 35 years. Additionally, Maggi was ordered to pay the defendant restitution in an amount not to exceed $10,000. It would strain the notions of common sense and reasonableness to conclude that the underlying criminal trial terminated in Maggi's favor. First, in the context of a malicious prosecution case, the New Hampshire Supreme Court consistently refers to the favorable termination of a "proceeding" or "action," not a "claim" or "count." Consequently, one must look to the overall outcome of

---

[3]   Defendant also asserts that Maggi's complaint is untimely, since he filed it more than three years after his indictment. See N.H. Rev. Stat. Ann. ("RSA") 508:4 (establishing a three-year limitations period for civil actions). But, because one of the elements of a viable malicious prosecution claim is evidence that the underlying criminal proceedings terminated in the plaintiff's favor, that cause of action likely did not accrue until the jury returned its verdict in September of 2014, acquitting Maggi of some of the many charges against him.

the "proceeding," rather than individually assess the import of a jury's verdict on each particular claim, count, or charge. Here, the criminal charges against Maggi all arose out of the same course of conduct - his repeated sexual assaults upon the defendant. His numerous convictions for that conduct establish that, as a matter of law, he was not wrongfully accused or prosecuted. See, e.g., Kossler v. Crisanti, 564 F.3d 181, 187 3d Cir. 2009) ("Consistent with this purpose [of the 'favorable termination' requirement], we have held that a prior criminal case must have been disposed of in a way that indicates the innocence of the accused in order to satisfy the favorable termination element.").[4]

And, of course, there are compelling public policy reasons to conclude that, given the particular facts of this case, the New Hampshire Supreme Court would not view Maggi's acquittal on a few of the charges against him as representing a "successful"

---

[4] The court need not address whether, under certain circumstances, an individual acquitted of some, but not all, charges against him might bring a successful claim for malicious prosecution. Such a case might, for example, involve a situation in which the defendant is charged with distinct crimes, arising from distinct events, and acquitted on some of those charges. See Janetka v. Dabe, 892 F.2d 187 (1989) (defendant convicted of disorderly conduct toward a third party, but acquitted of resisting an officer's attempt to arrest); Uboh v. Reno, 141 F.3d 1000 (11th Cir. 1998) (defendant convicted of credit card fraud, but acquitted of drug trafficking).

6

termination of the criminal proceedings against him.  See
generally McGranahan v. Dahar, 119 N.H. 758, 769-70 (1979).

Given his numerous convictions, all related to the same
series of criminal acts, as well as his lengthy incarcerative
sentence, and the trial court's substantial restitution order,
Maggi seeks to dissect the jury's verdict, isolate those few
charges on which he was acquitted, and present his claims
unburdened by the actual context of his prosecution.  He fails
to point to any precedent that would countenance such a
manipulation of the common law.  Parenthetically, the court
notes that federal courts have specifically rejected similar
malicious prosecution claims under the Fourth Amendment when, as
here, the criminal charges on which the plaintiff (criminal
defendant) was acquitted arose out of the same facts and
circumstances as those charges on which that individual was
convicted.  See, e.g., Kossler, 564 F.3d at 188 ("When the
circumstances - both the offenses as stated in the statute and
the underlying facts of the case - indicate that the judgment as
a whole does not reflect the plaintiff's innocence, then the
plaintiff fails to establish the favorable termination
element.").

As the New Hampshire Supreme Court has observed, "The law does not, and should not, allow recovery in tort by all persons accused of crimes and not convicted." McGranahan, 119 N.H. at 769. That court went on to note:

> There is no guarantee in our society that only guilty persons will be accused and arrested. Except in extreme cases, for which malicious prosecution or abuse of process are adequate remedies, a person wrongfully accused of a crime must bear that risk, lest those who suspect wrongful activity be intimidated from speaking about it to the proper authorities for fear of becoming embroiled themselves in the hazards of interminable litigation.

Id. (citations omitted). Here, it can hardly be said that Maggi was "wrongfully accused" of sexually assaulting the defendant, nor can it be said that this is one of the "extreme cases" warranting recovery through a claim for malicious prosecution.

The fact that Maggi was acquitted of only a few of the many related charges against him does not mean that the criminal "proceeding" against him terminated in his favor. To the contrary, his numerous convictions all arising out of the same course of conduct preclude him from establishing that essential element of his claim. Count two of the amended complaint fails to state a viable cause of action.

III. Defamation.

Finally, in count three of his amended complaint, Maggi asserts that the defendant engaged in "criminal defamation," in violation of RSA 644:11, by "knowingly communicating false statements about Mr. Maggi to the police during their investigation which resulted in Mr. Maggi's criminal trial." Amended Complaint at para. 28.[5] Maggi has not, however, shown that there is a private right of action under that state criminal statute. The court presumes, therefore, that he intended to bring a common law claim for defamation. But, as the New Hampshire Supreme Court has recognized, "both formal and informal complaints and statements to a prosecuting authority [are treated] as part of the initial steps in a judicial proceeding" and are entitled to "absolute immunity." McGranahan, 119 N.H. at 769. Indeed, the court went on to hold that the "same absolute immunity or privilege applies to statements made to the city or county attorney or those investigating a suspected crime." Id. See also Pickering v. Frink, 123 N.H. 326, 328 (1983) ("New Hampshire law recognizes that certain communications are absolutely privileged and

---

[5] N.H. Rev. Stat. Ann. ch. 644:11 provides that, "A person is guilty of a class B misdemeanor if he purposely communicates to any person, orally or in writing, any information which he knows to be false and knows will tend to expose any other living person to public hatred, contempt or ridicule."

9

therefore immune from civil suit.  Absolute privilege bars an injured party from recovering any damages and does not depend on the defendant's good faith.").

Count three of Maggi's complaint fails to state a viable cause of action.

IV. <u>Defendant's Request for Attorney's Fees</u>.

Invoking New Hampshire's common law, defendant moves the court for an award of reasonable attorney's fees.  <u>See generally</u> <u>Harkeem v. Adams</u>, 117 N.H. 687, 691 (1977) ("Where an individual is forced to seek judicial assistance to secure a clearly defined and established right, which should have been freely enjoyed without such intervention, an award of counsel fees on the basis of bad faith is appropriate.").  In discussing the scope and import of <u>Harkeem</u> and its progeny, the New Hampshire Supreme Court has explained:

> The recognized scope of authority to award fees thus
> expanded from compensation for those who are forced to
> litigate in order to enjoy what a court has already
> decreed, to include <u>compensation for those who are</u>
> <u>forced to litigate against an opponent whose position</u>
> <u>is patently unreasonable</u>.  In such cases a litigant's
> unjustifiable belligerence or obstinacy is treated on
> an objective basis as a variety of bad faith, and made
> just as amenable to redress through an award of
> counsel fees as would be the commencement of
> litigation for the sole and specific purpose of
> causing injury to an opponent.  Thus we have

> recognized a constitutionally created court's power to
> award counsel fees in any action commenced, prolonged,
> required or defended without any reasonable basis in
> the facts provable by evidence, or any reasonable
> claim in the law as it is, or as it might arguably be
> held to be.

Keenan v. Fearon, 130 N.H. 494, 501-02 (1988) (citations omitted) (emphasis supplied).

Here, in support of her motion for an award of reasonable attorney's fees, the defendant points out that none of Maggi's claims has even remote support in the law; even generously construing Maggi's claims in the light most favorable to him, each is frivolous on its face. Additionally, given Maggi's ad hominem attacks on the defendant's character in his pleadings, there is a strong suggestion that he initiated this litigation, at least in part, to harass, intimidate, and/or humiliate her. Indeed, by bringing this baseless action against the defendant, he has publically identified her as a victim of his sexual assaults and thereby undermined the substantial efforts undertaken at the state trial-court level to protect her anonymity (additionally, Maggi has circumvented the trial court's specific order that he have no contact, whether direct or indirect, with the defendant).

In light of the foregoing, the defendant is granted leave, if she so chooses, to file a well-supported memorandum in support of her request for an award of reasonable attorney's fees. The court notes, however, that this case does present a few factors that might counsel against pursuit of an award (or at least a full award) of attorney's fees, including that Maggi is incarcerated with no apparent means to pay an award (and, of course, he has already been ordered to pay the defendant substantial restitution). And, there is some suggestion that Maggi suffers from "disabilities" that might prevent him from fully comprehending the nature of this proceeding and/or the claims he advances. See Amended Complaint at 8, n.1 ("Due to Mr. Maggi's disabilities, this complaint was prepared with help from his family.").

On balance, then, even if the court were to grant defendant's request for an award of attorney's fees, that award might be substantially smaller than the amount she has actually expended. See generally Amatucci v. Hamilton, 2007 WL 2993824, 2007 DNH 126 (D.N.H. Oct. 11, 2007) (granting a substantially reduced award of attorney's fees after balancing all relevant factors, including the non-prevailing party's circumstances and apparent mental health issues).

## Conclusion

For the foregoing reasons, as well as those set forth in defendant's memoranda (documents no. 8-1 and 17), defendant's motion to dismiss (document no. 8) is granted. Maggi's claims are dismissed, with prejudice, for failure to state a claim.

To the extent Maggi's objection (document no. 16) might properly be viewed as a motion to amend his complaint, it is denied. Maggi apparently wishes to add an additional count to his complaint, in which he advances a claim for "malicious use of process" against the defendant. For the reasons discussed above, such an amendment to his complaint would be futile, as the undisputed facts of this case do not give rise to a viable claim for malicious use of process. See generally Mirra v. Fynes, 2014 WL 716692, No. 13-1677 (E.D. Pa. Feb. 25, 2014).

The Clerk of Court shall enter judgment in favor of the defendant on all counts and close the case. Should defendant file a well-supported motion (with supporting documentation) for an award of attorney's fees, the case shall be reopened, and Maggi shall have 30 days within which to respond.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

October 23, 2017

cc: Gregory Maggi, pro se
    Hilary H. Rheaume, Esq.
    Lara J. Saffo, Esq.